UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James Lee Sarratt, Jr., | ) | Civil Action No. 4:18-2671-BHH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| Kathy White, Medical Administrator, | ) | |
| Defendant. | ) | |

Plaintiff James Lee Sarratt, Jr. ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling and a Report and Recommendation ("Report").

On March 29, 2019, Defendant filed a motion for summary judgment. (ECF No. 24.) Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on April 1, 2019, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 25.) Plaintiff filed a response in opposition on April 29, 2019. (ECF No. 27.) On August 28, 2019, Magistrate Judge Rogers issued a Report recommending that Defendants' motion for summary judgment be granted for Plaintiff's failure to show that any medical personnel at the Spartanburg County Detention Facility violated his constitutional rights with respect to the medical treatment he received. (ECF No. 29 at 10.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 29-1.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

On September 18, 2019, the envelope containing Plaintiff's copy of the Report and Recommendation (ECF No. 29) were returned to the Clerk of Court, marked "RETURN TO SENDER, UNABLE TO FORWARD." (ECF No. 34.) Plaintiff was advised by an order filed on October 5, 2018, of his responsibility to notify the Court in writing if his address changed and that his case could be dismissed for failing to comply with the Court's order. (ECF No. 7.)

Plaintiff filed no objections, and the time for doing so expired on September 16, 2019. In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note).

After reviewing the record, the Report, and the applicable law, the Court finds no

error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 29) by reference into this Order. Defendant's motion for summary judgment (ECF No. 24) is GRANTED, and this case dismissed in its entirety. Plaintiff has also failed to comply with this Court's orders. As such, the Court finds that this case is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 24, 2019
Charleston, South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.